# United States Court of Appeals
## For the First Circuit

No. 06-9006

IN RE MILLIVISION, INC.,

Debtor

DAVID W. OSTRANDER, CHAPTER 7 TRUSTEE,

Plaintiff, Appellee,

v.

MICHAEL GARDNER AND ROY FURMAN,

Defendants, Appellants.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

Before

Torruella, <u>Circuit Judge</u>,

Cyr, <u>Senior Circuit Judge</u>,

and Lynch, <u>Circuit Judge</u>.

<u>Melvin S. Hoffman</u>, with whom <u>Pamela A. Harbeson</u> and <u>Looney & Grossman LLP</u> were on brief for appellants.
<u>David W. Ostrander</u>, with whom <u>Ostrander Law Office</u> was on brief for appellee.

January 16, 2007

**CYR, Senior Circuit Judge**. On December 11, 2003, Michael Gardner and Roy Furman, while negotiating to acquire the assets of Millivision, Inc., loaned Millivision $500,000 with which to pay its essential debts and avoid an operational shutdown. The next day, Millivision's creditors filed an involuntary chapter 11 petition. Unaware of the chapter 11 filing, Gardner and Furman did not record a financing statement relating to their loan until December 16. The bankruptcy court permitted the chapter 11 trustee to invoke the "strong-arm" provision in Bankruptcy Code § 544(a) to avoid the Gardner/Furman unrecorded, unperfected security interest in the chapter 11 debtor's assets. See In re Millivision, Inc., 331 B.R. 515, 522-23 (Bankr. D. Mass. 2005). The Bankruptcy Appellate Panel summarily affirmed the bankruptcy court decision.

On appeal, Gardner and Furman contend, inter alia, that the bankruptcy court's decision (i) ignores explicit exceptions to the trustee's strong-arm power in Bankruptcy Code § 547(c) and (e), which would permit their December 16 recording to "relate back" to December 11; and (ii) offends the underlying equitable principles of the Bankruptcy Code by conferring a "windfall" cash infusion upon Millivision's creditors.

We affirm the bankruptcy court's grant of summary judgment to the chapter 11 trustee. The appellants' argument that § 547(c) and (e) are exceptions to § 544(b)'s avoidance provisions is foreclosed, since § 547(c) and (e) do not constitute "generally

applicable [relation-back] law," 11 U.S.C. § 546(b). See Millivision, 331 B.R. at 521; H.R. Rep. No. 95-595, at 371 (1977); S. Rep. No. 95-989, at 86 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5872, 6327 (noting that § 546(b)'s reference to "generally applicable law" refers to "applicable nonbankruptcy law") (emphasis added); see also In re 229 Main St. Ltd. P'ship, 262 F.3d 1, 9-10 (1st Cir. 2001); In re Moore, No. 06-01311, 2006 WL 3064781, at *2 (Bankr. D. Ariz. Oct. 27, 2006) (noting that bankruptcy law does not qualify as "generally applicable law"); In re Microfab, Inc., 105 B.R. 152, 156-57 (Bankr. D. Mass. 1989).

In addition, the bankruptcy court appropriately rejected appellant's argument that the involuntary chapter 7 case did not "commence" on December 12, but on January 21, 2004, once an order for relief had been entered. See Millivision, 331 B.R. at 523 (citing 11 U.S.C. § 303(b) ("An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title.")).

Finally, with respect to appellants' equitable arguments, the bankruptcy court aptly noted that appellants could have avoided their predicament by the simple expedient of recording (thus perfecting) their security interest in the Millivision assets prior to advancing the $500,000, see id. at 523 n.15, particularly in light of Millivision's representation that it was so short on cash that it might need to cease operations. "Under long-established

-3-

principles, petitioner's lack of diligence precludes equity's operation." <u>Pace</u> v. <u>DiGuglielmo</u>, 544 U.S. 408, 419 (2005); <u>see</u> <u>Cresswell</u> v. <u>Sullivan & Cromwell</u>, 922 F.2d 60, 71 (2d Cir. 1990) ("[I]n order to obtain the requested equitable relief, a plaintiff must show 'the absence of fault or negligence' on his own part.").

**<u>Affirmed.</u>**